**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant *HUI FANG LING*

FILED
DISTRICT COURT OF GUAM
MAY 22 2007
MARY L.M. MORAN
CLERK OF COURT

**IN THE DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>HUI FANG LING<br>Defendant. | CRIMINAL CASE NO. **CR05-00081**<br><br>**MOTION FOR DISCOVERY; MEMORANDUM IN SUPPORT** |

COMES NOW Defendant HUI FANG LING, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and moves the Court for an order mandating that the United States Attorney's Office, United States Department of Justice, Department of Homeland Security, and any and all agents reporting to it, provide all statutory and exculpatory discovery to the defense. This motion is based on the attached Memorandum in Support, the record on file herein and such other and further evidence and argument as may be presented at the hearing thereon.

Dated at Hagåtña, Guam: May 22, 2007.

**ARRIOLA, COWAN & ARRIOLA**

**JOAQUIN C. ARRIOLA, JR.**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY

On April 24, 2007, Defendant filed herein a Request for Notice of Intent to Use Evidence and Discovery herein pursuant to Rules 12 and 16, Federal Rules of Criminal Procedure. While some discovery has been provided, specifically 27 pages of reports from Homeland Security, Defendant files the instant motion to ensure that all relevant, statutory and constitutionally mandated discovery is provided prior to trial. Specifically, Defendant has not yet received, is entitled to and should receive the following:

1. All records of prior criminal convictions of the Defendant (it is alleged in the Superceding Indictment that this is Defendant's second offense);
2. All reports of prior arrests of the Defendant and any and all prior statements of Defendant;
3. Defendant's INS, immigration file and related documents (defendant applied for asylum in September 2005);
4. All records of prior criminal convictions of any cooperating witnesses, as well as any and all prior statements of such witnesses (discovery provided to date reveals at least five (5) others were arrested around August 2005 on the same boat Defendant is alleged to have arrived on Guam).

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Defendant submits that she should be provided any and all discovery under Rules 12 and 16 of the Federal Rules of Criminal Procedure and Brady v. Maryland, 373 U.S. 83 (1963). This should include any plea agreements, promises of immunity or leniency offered to any government witnesses, as well as any and all other exculpatory information. Under Brady v. Maryland, 373 U.S. 83 (1963), the prosecution must disclose all evidence favorable to an accused, even absent a request, United States v. Agurs, 427 U.S. 97, 107 (1976). The duty encompasses impeachment evidence as well as exculpatory evidence, United States v. Bagley, 473 U.S. 667, 676 (1985), and includes evidence "known only to police investigators and not to the prosecution." Kyles v. Whitley, 514 U.S. 419, 438 (1995), Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936 (1999). Evidence is material if under reasonable probability the result of the proceeding would have been different had it been disclosed to the defense, United States v. Service Deli Inc., 151 F.3d 938, 943 (9th Cir. 1998). "The question is not whether the defendant would more likely than not have received a different verdict with the

evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 434 (1995).

Defendant concedes that the Government has provided minimal discovery. However, notably absent is any exculpatory evidence, including the plea agreements with cooperating witnesses (at least five (5) other defendants were arrested based on the same alleged illegal entry), rap sheets, prior statements, and any other exculpatory evidence. Also absent are formal criminal records of the defendant, who is charged herein with a subsequent illegal entry offense. Her prior arrest reports may also be exculpatory or may be used by the Government in its case in chief. Also absent, if any, are the qualifications and reports of any proposed expert witnesses.

Rules 12 and 16 of the Federal Rules of Criminal Procedure provide for disclosure and production by the Government of any and all of the following:

1. Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody of control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offenses charged; as well as the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial;

2. Such copy of the defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government;

3. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or ar e intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant;

4. Any result or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial; and

5. A written summary of testimony the government intends to use under Rules 702,703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

Accordingly, Defendant respectfully requests that the Court enter an Order requiring the Government to disclose any and all discovery requested herein, and to provide Defendant with any and all discovery at Government expense, alternatively prohibit the Government from introducing or otherwise using any such evidence during trial.

Dated at Hagåtña, Guam: May 22, 2007.

**ARRIOLA, COWAN & ARRIOLA**

**JOAQUIN C. ARRIOLA, JR.**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2007, a copy of the Defendant's Motion for Discovery was served upon Plaintiff, United States of America, by hand-delivering a copy thereof to:

KARON V. JOHNSON, ESQ.
Assistant U. S. Attorney
United States Attorney's Office, Criminal Division
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910

Dated at Hagåtña, Guam: May 22, 2007

**ARRIOLA, COWAN & ARRIOLA**

**JOAQUIN C. ARRIOLA, JR.**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910