JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant *HUI FANG LING*



FILED
DISTRICT COURT OF GUAM

MAY 22 2007

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. **CR05-00081** |
| Plaintiff, ) | |
| vs. ) | **MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL;** |
| HUI FANG LING ) | **MEMORANDUM IN SUPPORT** |
| Defendant. ) | |

COMES NOW Defendant HUI FANG LING, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and moves the Court to dismiss the above-entitled action based on a violation of Defendant's right to a speedy trial. This motion is based on the attached Memorandum in Support, the record on file herein and such other and further evidence and argument as may be presented at the hearing thereon.

Dated at Hagåtña, Guam: May 22, 2007.

ARRIOLA, COWAN & ARRIOLA

JOAQUIN C. ARRIOLA, JR.

## INTRODUCTION

The question before this Court is whether the Defendant's right to a speedy trial was violated when the government (1) indicts her for an offense **after** she has already pled guilty to **that same offense and served a prison term for that offense;** (2) obtains an arrest warrant based on that indictment; and (3), years later, uses that warrant as a basis to charge the Defendant with a new offense.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2003, an indictment was issued charging Defendant HUI FANG LING with Conspiracy to Make False Statements, False Statements and Attempted Improper Entry By An Alien in the United States District Court of the Northern Mariana Islands. Ling was released from custody subject to certain conditions.

On February 27, 2004, Ling was arrested and detained by the Guam Police Department for illegal entry into Guam. Approximately one month later, Ling was indicted in the District Court of the Northern Mariana Islands. Count VI of the indictment alleged that:

> On or about February 27, 2004, in the district of the Northern Mariana Islands and elsewhere, the defendants named below, each being an alien, unlawfully, willfully and knowingly, entered and attempted to enter the United States . . . .

Ling pled guilty to that count and, on August 10, 2004, was sentenced to six months of imprisonment followed by one year of supervised release. At the time of her sentencing, Ling had served her six month term of imprisonment, from February 2004 through August 2004.

Twenty months after Ling was arrested for the February 2004 entry and over a year after she pled guilty to that offense, she was indicted in the District Court of Guam in this case. The November 9, 2005 indictment alleged:

> On or about February 27, 2004, in the District of Guam, [Ling], an alien, did unlawfully and knowingly enter and attempt to enter the United States . . . .

An arrest warrant was also issued on November 9, 2005. This is the same offense that Ling had been charged with, pled guilty to in the District Court of the Northern Mariana Islands, and served a prison and supervised release term. Indeed, by the time she was indicted on Guam, her term of supervised release for the same offense had expired.

By that time, Ling had filed a Petition for Asylum with the Department of Homeland Security on Guam.

On April 23, 2007, approximately two and a half years after she had pled guilty, Ling was arrested in Guam for the November 9, 2005 warrant. After defense counsel pointed out that Ling had already pled guilty to the charge contained in the indictment, the United States sought and obtained a Superceding Indictment on May 9, 2007 changing the date of entry from February 27, 2004 to August 25, 2005.

## II. DISCUSSION

### A. The Government Has Violated Defendant's Constitutional Right to a Speedy Trial.

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." U.S. Const. Amend. VI. The United States Supreme Court has identified forth four factors to evaluate whether the delay between the initiation of a criminal proceeding and the beginning of a trial violates the Sixth Amendment: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of her right to a speedy trial; and (4) the presence of absence of prejudice resulting from the delay. See Barker v. Wingo, 407 U.S. 514 (1972).

### 1. Length of Delay.

Ling was initially indicted in this specific matter on November 9, 2005. She was arrested for the initial offense in February 2004. Over a year and nine months had passed since that time. Ling was actually indicted for allegations contained in the original indictment on March 24, 2004. A Superceding Indictment was issued on May 9, 2007 to remedy the fact that proceeding under the original indictment would violate the Fifth Amendment's prohibition against placing a defendant in double jeopardy. The length of delay: 21 months from arrest to indictment, and over three years from arrest (February 2004) to arrest on the warrant herein (April 2007); is excessive.

### 2. Reason for Delay.

There is no reason for delay in this matter. Ling was arrested and detained on Guam in February, 2004 and turned over to federal authorities. Ling pled guilty in the District Court of the Northern Mariana Islands to entering Guam unlawfully and was sentenced accordingly.

Then, for some inexplicable reason, the Government filed **another indictment** in this Court based on the same allegations that Ling had already pled guilty to. The Government then sought and obtained an arrest warrant even though Ling had already been arrested and sentenced for the charges she was facing. The Government has sat on the indictment despite the fact that Ling filed a Petition for Asylum on Guam, was married on Guam and has been living on Guam. The Government poses no excusable reason for the delay in indictment and arrest on the warrant herein.

3.     **Defendant's Assertion of Right to a Speedy Trial.**

Ling has asserted her right to a speedy trial in this matter. Ling appeared in District Court in the CNMI, pled guilty and was sentenced for the original offense charged in this case. Her assertion of her right to speedy trial is evident in her completion of the judgment terms on the charge.

4.     **Prejudice Resulting from Delay.**

Ling served her time for the offense she was initially charged with. In an attempt to move on with her life, Ling has filed a Petition for Asylum. She has also been married to Donald White for over one year. Ling has lived on Guam now for almost two years, and is gainfully self-employed as a seamstress. The prejudice that Ling has suffered as a result in the delay in this proceeding is that she is now facing new criminal charges because the Government waited until after she had already been arrested and sentenced in the Northern Mariana Islands to take any action. Further prejudice results from the lack of witnesses in this case. Apparently at least five (5) others were arrested and charged in 2005 with the illegal entry claimed herein. These witnesses have likely pled guilty and been deported by now. The prejudice to Ling is patent.

### III. CONCLUSION

Based on the foregoing, Ling's right to a speedy trial has been violated. Accordingly, this case should be dismissed.

Dated at Hagåtña, Guam: May 22, 2007.

ARRIOLA, COWAN & ARRIOLA

JOAQUIN C. ARRIOLA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2007, a copy of the Defendant's Motion to Dismiss for Lack of Speedy Trial was served upon Plaintiff, United States of America, by hand-delivering a copy thereof to:

>KARON V. JOHNSON, ESQ.
>Assistant U. S. Attorney
>United States Attorney's Office, Criminal Division
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam 96910

Dated at Hagåtña, Guam: May 22, 2007

ARRIOLA, COWAN & ARRIOLA

_____
JOAQUIN C. ARRIOLA, JR.