1  huiling.rsp

ORIGINAL

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam  96910
   Telephone:  (671) 472-7332
6  Telecopier: (671) 472-7334

**FILED**

DISTRICT COURT OF GUAM

JUN - 1 2007

MARY L.M. MORAN
CLERK OF COURT

7  Attorneys for the United States of America

8

                    IN THE UNITED STATES DISTRICT COURT
9
                       FOR THE TERRITORY OF GUAM
10

11 UNITED STATES OF AMERICA,        )   CRIMINAL CASE NO. 05-00081
                                    )
12               Plaintiff,         )   **GOVERNMENT'S RESPONSE TO**
                                    )   **DEFENDANT'S MOTION TO DISMISS**
13         vs.                      )   **FOR LACK OF SPEEDY TRIAL**
                                    )
14 HUI FANG LING,                   )
                                    )
15               Defendant.         )
   _____)

16

17                          SUMMARY OF FACTS

18       On December 5, 2003, defendant was one of 14 Chinese nationals discovered in a boat

19 off the island of Rota  Subsequent investigation revealed that the boat captain had taken these 14

20 illegal aliens to Guam with the intent of dropping them off shore of the Nikko Hotel.  The

21 captain changed his mind and returned to the CNMI because of rough sea conditions and high

22 surf.  Defendant and the 13 others were arrested, returned to Saipan, and charged with attempted

23 illegal entry in District Court of the NMI Cr. Case No. 03-00041.  On December 18, 2003,  she

24 was allowed out of custody on pre-trial release.   A copy of the initial indictment is attached

25 hereto as Exhibit 1.

26       While pending trial on the December 5 incident, defendant committed the same offense

27

28                                     -1-

again. On February 27, 2004, defendant was arrested at the Mangilao Golf Course after two alien smugglers brought a load of 11 people from Saipan to Guam. The District Court of the NMI issued a warrant for her arrest based upon her violation of release conditions, which was executed by ICE S/A Mike Hernandez. After an identity hearing before the District Court of Guam, defendant was ordered returned to Saipan. She was subsequently indicted by the federal grand jury on March 24, 2004. A copy of the indictment is attached hereto as Exhibit 2. Defendant was charged in Count III with the December 5, 2003, attempt to enter illegally, in Count VI with the February 27, 2004 (Mangilao) illegal entry, and in Count IX with criminal contempt for violating her release conditions in Case No. 03-00041. She was allowed to plead guilty to the Mangilao Golf Course illegal entry, and was sentenced to six months incarceration on August 11, 2004. A copy of the judgment is attached hereto as Exhibit 3. On August 24, 2005, defendant again illegally entered Guam, as one of 14 people who came ashore at Ritidian Point. Authorities apprehended only five, including the smuggler. Defendant and eight others avoided apprehension and went to ground.

S/A Mike Hernandez was in charge of the Ritidian Point investigation. Xiao Feng LIN was charged with alien smuggling, and convicted after a jury trial, Cr. Case No. 05-00065. S/A Hernandez set about establishing the identity of the nine smugglees still on the loose. By interviewing the people who had been detained, S/A Hernandez was able to get names for some of the smugglees. Concerning defendant, witnesses said that one of the smugglees was a woman who had entered Guam in early 2004, that she had been returned to Saipan, and that the same woman had also been arrested in Rota. Defendant's identity was confirmed in September or October, 2005, when an informant in Saipan told S/A Hernandez that one of the smugglees was Hui Fang Ling. After her identity had been determined, S/A Hernandez presented the case to the U.S. Attorney's Office for prosecution. On November 9, 2005, the federal Grand Jury on Guam indicted her for her illegal entry but mistakenly cited the date of her entry at the Mangilao Golf Course, instead of her entry at Ritidian Point. A copy of this indictment is attached hereto as

-2-

Exhibit 4. The initial indictment put defendant in jeopardy for an offense of which she had already been convicted, and as such was invalid. This error was corrected by a superseding indictment on May 9, 2007, naming the correct date, which indictment is attached hereto as Exhibit 5.

Defendant applied for political asylum October 20, 2005. The Asylum Office would not advise the ICE field offices of the identities of people applying for asylum in their district. Consequently, S/A Hernandez did not have access to this information. Her application listed a commercial mail box, PMB 165, 2042 Army Drive, Suite 102, which was the location for Postland Mail Box. She listed a cell phone number of 687-2928, and was represented by attorney Gerald Gray. Had S/A Hernandez received this information, he could have immediately advised defendant by mail to surrender herself.

S/A Hernandez and US Coast Guard agents Anthony Blas and Kelly Hoyle attempted to locate the defendant. Informants advised them that a girl from the Ritidian boat was working at a massage parlor at Pia Marine, then called Ruby's Massage. On October 20, 2005, S/A Blas went to Ruby's and spoke to the defendant, who identified herself as Wi Wi. S/A Blas inquired about the cost of a massage, and spoke about setting up an appointment for a friend. S/A Blas had viewed a photograph of the defendant, and observed that the woman calling herself Wi Wi was similar in appearance, but he was not certain. Defendant wrote her false name on a business card, which she gave to S/A Blas. A copy of the card is attached hereto as Exhibit 6. S/A Blas later called Rose's to make an appointment with "Wi Wi" so that S/A Hernandez could view her. Agents were not able to keep the appointment, however, due to attendance at the Lin trial, which ran from October 31 - November 1, 2005.

No further efforts were made to locate Ling until 2007, due to the press of other cases pending in the ICE office. In April, 2007, S/A Hernandez ran an MVD check and determined that defendant had received a learner's permit. The permit had been issued on August 1, 2006, with an address at the Horizon Condominiums, 1128 N. Marine Drive, Apt 516. The mailing

-3-

address was to the same commercial mailbox as on her asylum application. On April 20, 2007, one agent surveilled defendant's apartment, while S/A Blas went to the Pia Marine massage parlor again. S/A Blas asked for Wi Wi, and was told by a Chinese female that she was not there. He said he wanted a massage, so the Chinese female telephoned the defendant, who came to the massage parlor and was arrested.

## THE LAW

For purposes of this analysis, the government will treat the superseding indictment as relating back to the indictment brought November 9, 2005, because it concerns the same criminal act, but with an erroneous offense date. If the speedy trial clock started running from the date of the superseding indictment, there would be a 24-month pre-indictment delay, for which the Fifth Amendment is not applicable. The two questions for pre-indictment delay are whether the charge was brought within the statute of limitations, and whether the defendant's due process rights were violated. United States v. Lovasco, 431 U.S. 783 (1977). The burden imposed by Lovasco would be impossible for the defendant to meet. The government has not been able to find authority directly on point concerning what effect the superseding indictment has on the speedy trial analysis, but will proceed as if this case concerns post-indictment delay, because defendant's motion can be disposed of on that ground.

Thus, there is a 17-month delay from the date of the indictment to defendant's arrest April 20, 2007. The issue is whether this 17-month post-indictment delay constitutes a violation of her Fifth Amendment rights to speedy trial. The government agrees that this delay was due to the government's negligence.

Whether defendant's post-indictment right to speedy trial has been violated is determined by four considerations, set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972): "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the

-4-

imprecision of the right to speedy trial, the length of delay that will provide such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530-31. The reason for delay is also important. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily, ...." *Id.* at 531. Prejudice "should be assessed in the light of the interests of defendant which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.. *Id.* at 532. Finally, none of these four factors "is either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533.

Under the Barker v. Wingo standard, the first question is whether the delay is of such length as to be presumptively prejudicial. If so, the Barker analysis proceeds, and defendant has the burden of proving the delay has caused actual prejudice to her defense. The burden of proof may switch to the government if the delay is sufficiently outrageous and unjustified. This principle was enunciated In Doggett v. United States, 505 U.S. 647 (1992), where eight years had passed between the time of the indictment and defendant's arrest, and the delay was entirely due to the government's negligence. The Court first noted that this delay was "presumptively prejudicial," thereby triggering a judicial examination of his claim. The length of delay was very important, because "the presumption that pretrial delay has prejudiced the accused intensifies over time." *Id.* at 652. In view of the inexcusable eight-year delay, the Court held that the defendant did not have to demonstrate prejudice, but rather it would be presumed, and the government would have to "persuasively" rebut it. *Id.* at 658.

A delay of as little as 13 months is presumptively prejudicial and triggers a Barker v. Wingo inquiry. United States v. Murillo, 288 F.3d 1126 (9th Cir. 2002). Even a six-month delay

-5-

presents a "borderline case." United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir. 1986).
Here, there is no question that the 17-month delay in this case triggers the Barker v. Wingo
analysis. The burden of proof, however, remains with the defendant.

United States v. Gregory, 322 F.3d 1157 (9th Cir. 2003), which concerns a 22-month
delay, is instructive. There, the defendant had been arrested and charged with drug offenses, had
pled guilty to a second superseding indictment, and had served his allotted period of
incarceration, when the government brought a third superseding indictment charging him with
money laundering. He persuaded the district court to dismiss the indictment, but the Ninth
Circuit reversed. There was apparently no dispute that the delay had been caused by the
government's negligence which, the court noted, weighed in defendant's favor. Nor was there a
question that defendant had asserted his speedy trial rights. The case turned on the issue of
prejudice. First, the court held that a 22-month delay was "not long enough to excuse Gregory
from demonstrating actual prejudice to prevail on his claim." Id. at 1163. Next, it considered
actual prejudice: "oppressive pretrial incarceration, anxiety and concern of the accused, and the
possibility that the [accused's] defense will be impaired," citing Doggett, 505 U.S. at 654.
Gregory argued he had a colorable claim of prejudice, because his guilty plea to the drug offenses
necessarily established predicate facts which the government would otherwise have had to prove
in the money laundering charges, and he could be impeached by his guilty plea were he to take
the witness stand. As well, his sentence would be higher than if he had been convicted of both
drug trafficking and money laundering at the same time. In rejecting his position, the court noted
that the "prejudice with which we are concerned is prejudice caused by the delay that triggered
the Barker inquiry, not simply any prejudice that may have occurred before the trial date but
unrelated to the fact of the delay itself." Id. at 1163.

In her motion, defendant asserts that the delay in this matter is three years, from her arrest
at the Mangilao Golf course to the present. The charge against her, however, concerns her
August, 2005, illegal entry into Guam, and any delay must be measured from the November 9,

-6-

2005, indictment. Thus, the delay is 17 months, which triggers the <u>Barker v. Wingo</u> analysis, but does not relieve her of the burden of proving the delay has prejudiced her defense.

Defendant cannot claim that, between the time of her indictment and her arrest, she suffered oppressive pretrial incarceration, or the anxiety and concern of the accused, given that she was not even aware of the charge. Thus, the only avenue left is the possibility that the delay impaired her defense.

She says that it has caused her to lose witnesses, but does not detail who those witnesses are, or how they could help her defense. Indeed, given that she is here and that she entered illegally, it is hard to imagine what defense she could raise to this charge. The smuggler who brought her to Ritidian, Xiao Feng Lin, was sentenced to five years incarceration and is still in a federal penitentiary. In effect, the only prejudice she alleges is that this charge prevents her from getting on with her life, a common complaint among criminals, but one not cognizable under the speedy trial analysis.

Defendant's motion should be denied because she has failed to prove that the 17-month delay caused actual prejudice to her defense.

Respectfully submitted this  31st  day of May, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By:  KARON V. JOHNSON
Assistant U.S. Attorney

-7-

₢ ₒ ₚ ᵧ ₒf
Original Filed
on this date

DEC 1 7 2003

Clerk
District Court
For The Northern Mariana Islands

UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. |
| Plaintiff, | ) | 03-00041 |
| v. | ) | INDICTMENT |
| CHEN, FEINONG; | ) | Conspiracy To Make False Statements – Title |
| LIN, QIUXIANG; | ) | 18 U.S.C., § 371 (Ct. 1); |
| LING, HUI FANG; | ) | False Statements – Title 18, U.S.C. § 1001 |
| LIU, YANQIN; | ) | (Cts. 2-15); |
| WANG, FEIZAN; | ) | Attempted Improper Entry By An Alien After |
| WANG, JIUYING; | ) | Prior Conviction – Title 8, U.S.C., § |
| XIE, YUCHI; | ) | 1325(a)(Ct. 16); |
| XU, YIMING; | ) | Attempted Improper Entry By An Alien – |
| YE, WEI SHUN; | ) | Title 8, U.S.C., § 1325(a)(Cts. 17-29); |
| YI, YUELAN; | ) | |
| YU, FUYUN; | ) | |
| ZHANG, ZHEN JUAN; | ) | |
| ZHUANG, XIU YING; and | ) | |
| ZHUO, QUN; | ) | |
| a/k/a "Chen, Huang Wu;" | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

THE GRAND JURY CHARGES:

COUNT ONE

(Conspiracy To Make False Statements)

1.     From on or about December 1, 2003 to on or about December 16, 2003,  in

the District of the Northern Mariana Islands and elsewhere, CHEN, FEINONG; LIN,

QIUXIANG; LING, HUI FANG; LIU, YANQIN; WANG, FEIZAN; WANG, JIUYING; XIE,

YU CHI; XU, YIMING; YE, WEI SHUN; YI, YUELAN; YU, FUYUN; ZHANG, ZHEN

JUAN;  ZHUANG, XIU YING; and ZHUO, QUN, a/k/a "Chen, Huang Wu," the defendants, and

1 others known and unknown, unlawfully, wilfully and knowingly, did combine, conspire,

2 confederate, and agree together and with each other to commit offenses against the United States,

3 to wit, to make false statements, in violation of Title 18, United States Code, Section 1001.

4         2.     It was a part and object of said conspiracy that the defendants, CHEN,

5 FEINONG; LIN, QIUXIANG; LING, HUI FANG; LIU, YANQIN; WANG, FEIZAN; WANG,

6 JIUYING; XIE, YUCHI; XU, YIMING; YE, WEI SHUN; YI, YUELAN; YU, FUYUN;

7 ZHANG, ZHEN JUAN; ZHUANG, XIU YING; and ZHUO, QUN, a/k/a "Chen, Huang Wu,"

8 the defendants, together with their co-conspirators, unlawfully, wilfully and knowingly, in a

9 matter within the jurisdiction of the executive branch of the Government of the United States,

10 namely, within the jurisdiction of the United States Department of Homeland Security,

11 Immigration and Customs Enforcement, would and did falsify, conceal, and cover up by any

12 trick, scheme, or device a material fact, and make materially false, fictitious, and fraudulent

13 statements and representations, namely, CHEN, FEINONG; LIN, QIUXIANG; LING, HUI

14 FANG; LIU, YANQIN; WANG, FEIZAN; WANG, JIUYING; XIE, YUCHI; XU, YIMING;

15 YE, WEI SHUN; YI, YUELAN; YU, FUYUN; ZHANG, ZHEN JUAN; ZHUANG, XIU YING;

16 and ZHUO, QUN, a/k/a "Chen, Huang Wu," the defendants, unlawfully agreed, in any encounter

17 with a law enforcement officer, to lie about and cover up the fact that each was unlawfully

18 attempting to enter the Territory of Guam and that their presence on a boat in the waters of the

19 Commonwealth of the Northern Mariana Islands and the Territory of Guam was in furtherance of

20 an attempt to violate United States immigration law by improperly entering the Territory of

21 Guam by boat, in violation of Title 18, United States Code, Section 1001.

22 <u>Overt Acts</u>

23         3.     In furtherance of said conspiracy and to effect the illegal objects thereof

24 the defendants and their co-conspirators committed the following overt acts, among others, in the

25 District of the Northern Mariana Islands and elsewhere:

26         a.     On or about December 6, 2003, CHEN, FEINONG, the defendant,

27 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

28 enter the Territory of Guam.

-2-

1           b.       On or about December 6, 2003, ZHUO, QUN, a/k/a "Chen, Huang

2 Wu," the defendant, falsely stated, in words and substance, that she was on a pleasure trip and

3 had not intended to enter the Territory of Guam.

4           c.       On or about December 6, 2003, LIN, QIUXIANG, the defendant,

5 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

6 enter the Territory of Guam.

7           d.       On or about December 6, 2003, LING, HUI FANG, the defendant,

8 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

9 enter the Territory of Guam.

10           e.       On or about December 6, 2003, LIU, YANQIN, the defendant,

11 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

12 enter the Territory of Guam.

13           f.       On or about December 6, 2003, WANG, FEIZAN, the defendant,

14 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

15 enter the Territory of Guam.

16           g.       On or about December 6, 2003, WANG, JIUYING, the defendant,

17 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

18 enter the Territory of Guam.

19           h.       On or about December 6, 2003, XIE, YUCHI, the defendant,

20 falsely stated, in words and substance, that he was on a pleasure trip and had not intended to

21 enter the Territory of Guam.

22           i.       On or about December 6, 2003, XU, YIMING, the defendant,

23 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

24 enter the Territory of Guam.

25           j.       On or about December 6, 2003, YE, WEI SHUN, the defendant,

26 falsely stated, in words and substance, that she was on a pleasure trip and had not intended to

27 enter the Territory of Guam.

28

-3-

k.       On or about December 6, 2003, YI, YUELAN, the defendant, falsely stated, in words and substance, that she was on a pleasure trip and had not intended to enter the Territory of Guam.

l.       On or about December 6, 2003, YU, FUYUN, the defendant, falsely stated, in words and substance, that she was on a pleasure trip and had not intended to enter the Territory of Guam.

m.       On or about December 6, 2003, ZHANG, ZHEN JUAN, the defendant, falsely stated, in words and substance, that she was on a pleasure trip and had not intended to enter the Territory of Guam.

n.       On or about December 6, 2003, ZHUANG, XIU YING, the defendant, falsely stated, in words and substance, that she was on a pleasure trip and had not intended to enter the Territory of Guam.

(Title 18, United States Code, Section 371).

THE GRAND JURY FURTHER CHARGES:

## COUNTS TWO THROUGH FIFTEEN

(False Statements)

4.       On or about December 6, 2003, in the District of the Northern Mariana Islands, the defendants named below, unlawfully, wilfully and knowingly, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, within the jurisdiction of the United States Department of Homeland Security, Immigration and Customs Enforcement, falsified, concealed, and covered up by any trick, scheme, or device a material fact, and made materially false, fictitious, and fraudulent statements and representations, namely, each of the defendants named below, for the purpose of covering up and concealing the fact that she or he had improperly attempted to enter the Territory of Guam in violation of United States immigration law, falsely stated, in words and substance, that he or she was on a pleasure trip and had not intended to enter the Territory of Guam on or about December 5, 2003:

-4-

| COUNT | DEFENDANT |
|---|---|
| TWO | CHEN, FEINONG |
| THREE | ZHUO, QUN, a/k/a "Chen, Huang Wu" |
| FOUR | LIN, QIUXIANG |
| FIVE | LING, HUI FANG |
| SIX | LIU, YANQIN |
| SEVEN | WANG, FEIZAN |
| EIGHT | WANG, JIUYING |
| NINE | XIE, YUCHI |
| TEN | XU, YIMING |
| ELEVEN | YE, WEI SHUN |
| TWELVE | YI, YUELAN |
| THIRTEEN | YU, FUYUN |
| FOURTEEN | ZHANG, ZHEN JUAN |
| FIFTEEN | ZHUANG, XIU YING |

(Title 18, United States Code, Section 1001).

-5-

THE GRAND JURY FURTHER CHARGES:

<u>COUNT SIXTEEN</u>

(Attempted Improper Entry By An Alien After Prior Conviction)

5.    On or about December 5, 2003, in the District of the Northern Mariana Islands and elsewhere, ZHANG, ZHEN JUAN, the defendant, being an alien, unlawfully, wilfully and knowingly, attempted to enter the United States at a time and place other than as designated by immigration officers subsequent to a conviction for attempted improper entry by an alien.

(Title 8, United States Code, Section 1325(a)).

THE GRAND JURY FURTHER CHARGES:

<u>COUNTS SEVENTEEN THROUGH TWENTY-NINE</u>

(Attempted Improper Entry By An Alien)

6.    On or about December 5, 2003, in the District of the Northern Mariana Islands and elsewhere, the defendants named below, each being an alien, unlawfully, wilfully and knowingly, attempted to enter the United States at a time and place other than as designated by immigration officers:

| <u>COUNT</u> | <u>DEFENDANT</u> |
|---|---|
| SEVENTEEN | CHEN, FEINONG |
| EIGHTEEN | ZHUO, QUN, a/k/a "Chen, Huang Wu" |
| NINETEEN | LIN, QIUXIANG |
| TWENTY | LING, HUI FANG |
| TWENTY-ONE | LIU, YANQIN |
| TWENTY-TWO | WANG, FEIZAN |
| TWENTY-THREE | WANG, JIUYING |
| TWENTY-FOUR | XIE, YUCHI |
| TWENTY-FIVE | XU, YIMING |

-6-

| | | |
|---|---|---|
| 1 | TWENTY-SIX | YE, WEI SHUN |
| 2 | TWENTY-SEVEN | YI, YUELAN |
| 3 | TWENTY-EIGHT | YU, FUYUN |
| 4 | TWENTY-NINE | ZHUANG, XIU YING |

(Title 8, United States Code, Section 1325(a)).

Dated this 17TH of December, 2003.

A TRUE BILL.

_____
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

_____
JOHN J. RICE
Branch Chief, NMI

_____
PATRICK J. SMITH
Assistant United States Attorney

-7-

<u>Criminal Case Cover Sheet</u>                                    <u>U.S. District Court</u>

Place of Offense:

City _____ __Saipan_____        Related Case Information:

Country/Parish _____ __CNMI_____        Superseding Indictment _____ Docket Number _____
                                         Same Defendant _____        New Defendant ___X_____
                                         Magistrate Judge Case Number _____
                                         Search Warrant Case Number _____
                                         R 20/ R 40 from District of _____

Defendant Information:

    Juvenile _____ Yes _____ No __X___    If Yes, Matter to be sealed: _____ Yes _____ No

Defendants Name __**LING, HUI FANG**_____
Alias Name(s) _____
Address_____
Birthdate ____08/16/76_____  SS# _____ Sex _F__ Race __Asian___ Nationality ____Chinese____

U.S. Attorney Information:

AUSA _____ __Patrick J. Smith_____    Bar # _____

Interpreter:  ☐ No  ☒ Yes        List language and/or dialect:    Chinese (Mandarin)

Location Status:

                                                        RECEIVED

Arrest Date _____                             DEC 17 2003
☐ Already in Federal Custody as of _____ in _____
☐ Already in State Custody                                  Clerk
                                                        District Court
☐ On Pretrial Release                              For The Northern Mariana Is...

U.S.C. Citations:

Total # of Counts: _____3_____      ☐ Petty    ☐ Misdemeanor    ☒ Felony

        **Index Key/Code**              **Description of Offense Charged**              **Count(s)**

Set 1  __18 USC § 371_____      __Conspiracy To Make False Statements__      _____1_____

Set 2  __18 USC § 1001_____      __False Statements_____         _____5_____

Set 3  __8 USC § 1325(a)_____      __Attempted Improper Entry By An Alien__     _____20_____

Set 4  _____      _____     _____

                                        (May be continued on reverse)

Date: _____12/17/03_____    Signature of AUSA: _____

Dec 2/03 +
Manylao
residents

F I L E D
Clerk
District Court

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1
2
3
4
5

# UNITED STATES DISTRICT COURT
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 04 - 0 0 0 5 |
| Plaintiff, ) | |
| v. ) | INDICTMENT |
| LIN, QIUXIANG, ) | Conspiracy To Make False Statements – Title |
| LING, HUI FANG, and ) | 18 U.S.C., § 371 (Ct. 1); |
| YE, WEI SHUN, ) | Attempted Improper Entry By An Alien – |
| ) | Title 8, U.S.C., § 1325(a)(Cts. 2-4); |
| ) | Improper Entry By An Alien: Subsequent |
| ) | Commission – Title 8, U.S.C., § 1325(a)(Cts. |
| Defendants. ) | 5-7); |
| ) | Criminal Contempt – Title 18, U.S.C., § |
| ) | 401(3) (Cts. 8-10). |

THE GRAND JURY CHARGES:

## COUNT ONE

(Conspiracy To Make False Statements)

1.    From on or about December 1, 2003 to in or about March 2004, in the District of the Northern Mariana Islands and elsewhere, LIN, QIUXIANG, LING, HUI FANG, and YE, WEI SHUN, the defendants, and others known and unknown, unlawfully, wilfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to make false statements, in violation of Title 18, United States Code, Section 1001.

2.    It was a part and object of said conspiracy that LIN, QIUXIANG, LING, HUI FANG, and YE, WEI SHUN, the defendants, together with others known and unknown, unlawfully, wilfully and knowingly, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, within the jurisdiction of the United States

A TRUE COPY

Certified this  16TH  day of  AUGUST  20 04

By_____
(Deputy Clerk)

1  Department of Homeland Security, Immigration and Customs Enforcement, would and did
2  falsify, conceal, and cover up by any trick, scheme, or device a material fact, and make materially
3  false, fictitious, and fraudulent statements and representations, namely, LIN, QIUXIANG, LING,
4  HUI FANG, and YE, WEI SHUN, the defendants, together with others known and unknown,
5  unlawfully agreed, in any encounter with a federal immigration officer, to lie about and cover up
6  the fact that they and others were unlawfully attempting to enter the Territory of Guam and that
7  their presence on a boat in the waters of the Commonwealth of the Northern Mariana Islands and
8  the Territory of Guam on or about December 5, 2003 was in furtherance of an attempt to violate
9  United States immigration law by improperly entering the Territory of Guam by boat, in
10 violation of Title 18, United States Code, Section 1001.

## OVERT ACTS

12        3.     In furtherance of said conspiracy and to effect the illegal objects thereof
13 LIN, QIUXIANG, LING, HUI FANG, and YE, WEI SHUN, the defendants, and their co-
14 conspirators committed the following overt acts, among others, in the District of the Northern
15 Mariana Islands and elsewhere:
16        a.     On or about December 2, 2003, Zhang, Zhen Juan, a co-conspirator
17 not named as a defendant herein, told other aliens who had paid to be smuggled to Guam,
18 including LIN, QIUXIANG, LING, HUI FANG, and YE, WEI SHUN, the defendants, to lie to
19 law enforcement officers about the true purpose of the boat trip.
20        b.     On or about December 6, 2003, Chen Feinong, a co-conspirator not
21 named as a defendant herein, falsely stated to a United States Customs and Immigration
22 Enforcement agent that she was on a pleasure trip and had not intended to enter the Territory of
23 Guam.
24        c.     On or about December 6, 2003, Xu, Yi Ming, a co-conspirator not
25 named as a defendant herein, falsely stated to a United States Customs and Immigration
26 Enforcement agent that she was on a pleasure trip and had not intended to enter the Territory of
27 Guam.

-2-

d. On or about December 6, 2003, Wang Feizan, a co-conspirator not named as a defendant herein, falsely stated to a United States Customs and Immigration Enforcement agent that she was on a pleasure trip and had not intended to enter the Territory of Guam.

e. On or about December 6, 2003, Zhuang, Xiu Ying, a co-conspirator not named as a defendant herein, falsely stated to a United States Customs and Immigration Enforcement agent that she was on a pleasure trip and had not intended to enter the Territory of Guam.

(Title 18, United States Code, Section 371).

THE GRAND JURY FURTHER CHARGES:

### COUNTS TWO THROUGH FOUR

(Attempted Improper Entry By An Alien)

4. On or about December 5, 2003, in the District of the Northern Mariana Islands and elsewhere, the defendants named below, each being an alien, unlawfully, wilfully and knowingly, attempted to enter the United States at a time and place other than as designated by immigration officers:

| COUNT | DEFENDANT |
|-------|-----------|
| TWO | LIN, QIUXIANG |
| THREE | LING, HUI FANG |
| FOUR | YE, WEI SHUN |

(Title 8, United States Code, Section 1325(a)).

THE GRAND JURY FURTHER CHARGES:

### COUNTS FIVE THROUGH SEVEN

(Improper Entry By An Alien: Subsequent Commission)

5. On or about February 27, 2004, in the District of the Northern Mariana Islands and elsewhere, the defendants named below, each being an alien, unlawfully, wilfully and knowingly, entered and attempted to enter the United States at a time and place other than as

-3-

designated by immigration officers and eluded examination by immigration officers, subsequent to a prior commission of this offense, namely, the attempted improper entries on or about December 5, 2003, as charged in Counts Two through Four, respectively:

| COUNT | DEFENDANT |
| --- | --- |
| FIVE | LIN, QIUXIANG |
| SIX | LING, HUI FANG |
| SEVEN | YE, WEI SHUN |

(Title 8, United States Code, Section1325(a)).

THE GRAND JURY FURTHER CHARGES:

COUNT EIGHT

(Criminal Contempt)

6.      LIN, QIUXIANG, the defendant, was a defendant in criminal action 03-00041 in the District of the Northern Mariana Islands.

7.      On or about December 18, 2003, the Court ordered the defendant's pretrial release.  Among the conditions of release were the following:

a.      The defendant shall not leave the island of Saipan without written permission of the Court; and

b.      The defendant shall not commit a federal, state or local crime.

8.      On or about February 27, 2004, LIN, QIUXIANG, the defendant, was detained by the Guam Police Department, together with six other Chinese aliens, on a golf course in Guam.  The defendant had entered the United States without inspection and was later turned over to the custody of federal immigration officials.

9.      On or about February 27, 2004, in the District of the Northern Mariana Islands and elsewhere,  LIN, QIUXIANG, the defendant, unlawfully, wilfully and knowingly, disobeyed and resisted a lawful order of this Court and was in contempt of its authority, namely, the defendant left the island of Saipan without the written permission of the Court and committed the federal crime of improper entry into Guam, a violation of Title 8, United States Code, Section 1325(a).

(Title 18, United States Code, Section 401(3)).

-4-

1 THE GRAND JURY FURTHER CHARGES:

2 <u>COUNT NINE</u>

3 (Criminal Contempt)

4        10.    LING, HUI FANG, the defendant, was a defendant in criminal action 03-

5 00041 in the District of the Northern Mariana Islands.

6        11.    On or about December 18, 2003, the Court ordered the defendant's pretrial

7 release. Among the conditions of release were the following:

8            a.    The defendant shall not leave the island of Saipan without written

9 permission of the Court; and

10            b.    The defendant shall not commit a federal, state or local crime.

11        12.    On or about February 27, 2004, LING, HUI FANG, the defendant,  was

12 detained by the Guam Police Department, together with six other Chinese aliens, on a golf course

13 in Guam.  The defendant had entered the United States without inspection and was later turned

14 over to the custody of federal immigration officials.

15        13.    On or about February 27, 2004, in the District of the Northern Mariana

16 Islands and elsewhere, LING, HUI FANG, the defendant, unlawfully, wilfully and knowingly,

17 disobeyed and resisted a lawful order of this Court and was in contempt of its authority, namely,

18 the defendant left the island of Saipan without the written permission of the Court and committed

19 the federal crime of improper entry into Guam, a violation of Title 8, United States Code, Section

20 1325(a).

21            (Title 18, United States Code, Section 401(3)).

22 THE GRAND JURY FURTHER CHARGES:

23 <u>COUNT TEN</u>

24 (Criminal Contempt)

25        14.    YE, WEI SHUN, the defendant, was a defendant in criminal action 03-

26 00041 in the District of the Northern Mariana Islands.

27        15.    On or about December 18, 2003, the Court ordered the defendant's pretrial

28 release.  Among the conditions of release were the following:

-5-

a. The defendant shall not leave the island of Saipan without written permission of the Court; and

b. The defendant shall not commit a federal, state or local crime.

16. On or about February 27, 2004, YE, WEI SHUN, the defendant, was detained by the Guam Police Department, together with six other Chinese aliens, on a golf course in Guam. The defendant had entered the United States without inspection and was later turned over to the custody of federal immigration officials.

17. On or about February 27, 2004, in the District of the Northern Mariana Islands and elsewhere, YE, WEI SHUN, the defendant, unlawfully, wilfully and knowingly, disobeyed and resisted a lawful order of this Court and was in contempt of its authority, namely, the defendant left the island of Saipan without the written permission of the Court and committed the federal crime of improper entry into Guam, a violation of Title 8, United States Code, Section 1325(a).

(Title 18, United States Code, Section 401(3)).

Dated this 24TH of March, 2004.

A TRUE BILL.

_____
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

_____
PATRICK K. SMITH
Assistant United States Attorney

-6-



AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

F I L E D
Clerk
District Court

AUG 11 2004

# United States District Court

District of the Northern Mariana Islands

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES OF AMERICA
**V.**

LING, HUI FANG

## JUDGMENT IN A CRIMINAL CASE

Case Number:  **CR-04-00007-002**

USM Number:  **00438-005**

**Loren A. Sutton for Perry B. Inos-Court-Appointed Counsel**
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    **VI** _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 U. S. C. §1325(a) | Improper Entry by an Alien:  Subsequent Commission | 02/27/2004 | VI |

The defendant is sentenced as provided in pages 2 through ____5____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    I, III & IX _____    ☐ is    ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

08/10/2004
Date of Imposition of Judgment

_Signature of Judge_

Honorable, Alex R. Munson, Chief Judge
Name and Title of Judge

August 11, 2004
Date

Case 1:05-cr-00081    Document 19    Filed 06/01/2007    Page 22 of 32    EXHIBIT 3

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:      **LING, HUI FANG**
CASE NUMBER:    **CR-04-00007-002**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   **6 months**

☐   The court makes the following recommendations to the Bureau of Prisons:

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at   _____   ☐ a.m.   ☐ p.m.   on   _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on   _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on   _____   to   _____

a_____ . with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

DEFENDANT:      **LING, HUI FANG**
CASE NUMBER:    **CR-04-00007-002**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  **1 year**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.




AO 245B (Rev. 12/03) Judgment in a Criminal
Sheet 3C — Supervised Release

DEFENDANT: **LING, HUI FANG**
CASE NUMBER: **CR-04-00007-002**

# SPECIAL CONDITIONS OF SUPERVISION

Upon release from imprisonment, the defendant shall be placed on one year supervised release under the following conditions:

1. The defendant shall not commit another federal, state or local crime;

2. The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. This condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse;

3. The defendant shall comply with the standard conditions of supervised release as set forth by the U. S. Sentencing Commission;

4. The defendant shall be turned over to a duly authorized immigration official for deportation proceedings pursuant to 18 U. S. C. §1101. As a further condition of supervised release, if ordered deported, she shall remain outside the United States and shall not re-enter without the permission of the U. S. Attorney General. If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, she shall immediately report to the U.S. Probation Office to begin her term of supervised release; and

5. The defendant shall perform 200 hours of community service under the direction of the U. S. Probation Office.

AO 245B    (Rev. 12/03) Judgment in a Criminal C
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT:    **LING, HUI FANG**
CASE NUMBER:  **CR-04-00007-002**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| **TOTALS** | $ 0.00 | $ 0.00 |
|------------|--------|--------|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal C
           Sheet 6 — Schedule of Payments

DEFENDANT:    **LING, HUI FANG**
CASE NUMBER:  **CR-04-00007-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ _____100.00_____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:




Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.



☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1  huilingind

2
   LEONARDO M. RAPADAS
3  United States Attorney
   KARON V. JOHNSON
4  Assistant U.S. Attorney
   Suite 500, Sirena Plaza
5  108 Hernan Cortes Avenue
   Hagatna, Guam 96910
6  PHONE: (671) 472-7332
   FAX: (671) 472-7334
7

8  Attorneys for the United States of America

9

**FILED**

DISTRICT COURT OF GUAM

NOV - 9 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF GUAM

05 - 0 0 0 8 1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | **INDICTMENT** |
| | ) | |
| vs. | ) | **IMPROPER ENTRY** |
| | ) | **BY ALIEN, SECOND OFFENSE** |
| | ) | [8 U.S.C. §§ 1325 (a)(1) & (2)] |
| | ) | (Felony) |
| HUI FANG LING, | ) | |
| Defendant. | ) | |

THE GRAND JURY CHARGES:

On or about February 27, 2004, in the District of Guam, the defendant herein, HUI

FANG LING, an alien, did unlawfully and knowingly enter and attempt to enter the United

States at a time and place other than as designated by immigration officers, and did elude

examination and inspection by immigration officers, this being the second such offense

committed by the HUI FANG LING, the first offense of improper entry being committed by

//

//

EXHIBIT 4

HUI FANG LING on or about December 5, 2003, in violation of Title 8, United States Code, Sections 1325(a)(1) & (2).

DATED this _9th_ day of November, 2005.

A TRUE BILL.

Original Signed by

_Doris J. Rivera_

DORIS RIVERA
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _Karon V. Johnson_
KARON V. JOHNSON
Assistant U.S. Attorney

_Frederick A. Black for R.S._
RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 2 -

1    huilingind.2

2    LEONARDO M. RAPADAS
     United States Attorney
3    KARON V. JOHNSON
     Assistant U.S. Attorney
4    Suite 500, Sirena Plaza
     108 Hernan Cortes Avenue
5    Hagatna, Guam 96910
     PHONE: (671) 472-7332
6    FAX: (671) 472-7334
7

**FILED**
DISTRICT COURT OF GUAM

MAY - 9 2007

MARY L.M. MORAN
CLERK OF COURT

8    Attorneys for the United States of America

9

10                **IN THE UNITED STATES DISTRICT COURT**

11                    **FOR THE DISTRICT OF GUAM**

12

13   UNITED STATES OF AMERICA,        )   CRIMINAL CASE NO. 05-00081
                                      )
14                  Plaintiff,        )   **SUPERSEDING INDICTMENT**
                                      )
15          vs.                       )   **IMPROPER ENTRY**
                                      )   **BY ALIEN, SECOND OFFENSE**
16   HUI FANG LING,                   )   [8 U.S.C. §§ 1325 (a)(1) & (2)]
                                      )   (Felony)
17                  Defendant.        )
                                      )
18   _____)

19

20   THE GRAND JURY CHARGES:

21          On or about August 24, 2005, in the District of Guam, the defendant herein, HUI FANG

22   LING, an alien, did unlawfully and knowingly enter and attempt to enter the United States at a

23   time and place other than as designated by immigration officers, and did elude examination and

24   inspection by immigration officers, this being the second such offense committed by the HUI

25   FANG LING, the first offense of improper entry being committed by HUI FANG LING on or

26

27   //

28

December 5, 2003, and the second offense of improper entry being committed by HUI FANG

LING on or about February 27, 2004, in violation of Title 8, United States Code, Sections

1325(a)(1) & (2).

DATED this  9th  day of May, 2007.

A TRUE BILL.

_Deputy Foreperson_

_____
DEBBIE LEON GUERRERO
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

- 2 -



EXHIBIT 6