IN THE DISTRICT COURT

TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00081 |
| Plaintiff, | ) | |
| vs. | ) | |
| HUI FANG LING, | ) | **AMENDED TRIAL ORDER** |
| Defendant. | ) | |

The trial in this case was previously set to commence on June 19, 2007, however, on June 11, 2007, attorney Howard Trapp entered his appearance in this matter for the Defendant. Based on counsel's request for additional time for effective preparation, taking into account the exercise of due diligence, the Court continued the trial date. Accordingly, the trial in this case shall hereby commence on Wednesday, August 1, 2007, at 1:30 p.m. before the Honorable Frances M. Tydingco-Gatewood.

All pretrial motions shall be filed no later than July 3, 2007. Additionally, the following shall be filed or lodged with the Court no later than July 25, 2007:

1) Proposed jury voir dire questions;

2) An original and one copy of the exhibit list - (Government's exhibits numbered; Defendant's exhibits lettered);

3) Three complete sets of marked and tabbed exhibits in three-ring binders. A copy of the Exhibit List shall be included in each three-ring binder. The parties shall meet and confer sufficiently in advance of trial and formulate a

set of joint exhibits, if possible, to eliminate duplicate exhibits. Those exhibits upon which agreement cannot be reached shall be submitted separately by each respective party;

4) Any documents to be used in the examination of witnesses, but not to be introduced into evidence, such as police reports, investigative reports or witness statements - (one copy must be lodged with the Court);

5) Proposed verdict forms;

6) An original and one copy of witness lists for purposes of voir dire only - (Witness lists shall include: legal names, aliases, nicknames, place of residence and place of employment); and

7) Proposed jury instructions - (Those jury instructions upon which an agreement cannot be reached shall be submitted in a separate packet, together with the objections and authority therefor of each party).

The period of delay between June 11, 2007, and August 1, 2007, inclusive, is hereby excluded for purposes of the Speedy Trial Act. The Court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" based on the fact that failure to grant the continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Jun 11, 2007