HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000


FILED
DISTRICT COURT OF GUAM
AUG - 3 2007
MARY L.M. MORAN
CLERK OF COURT

Attorney for Defendant

## DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No 05-00081 |
| | ) | |
| Plaintiff, | ( | REQUEST FOR JURY |
| | ) | INSTRUCTIONS |
| vs. | ( | |
| | ) | |
| HUI FANG LING, | ( | |
| | ) | |
| Defendant. | ( | |

------------

Defendant respectfully requests that the Court instruct the jury on the

law as set forth in the jury instructions hereto annexed.

Dated, Hagåtña, Guam,

August 2, 2007.

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOCUMENTS/JuryInst.HFLing)

ORIGINAL

# INDEX

Instruction No. 1: Reasonable Doubt—Defined . . . . . . . . . . . . . . . . . . 1

Instruction No. 2: Activities Not Charged . . . . . . . . . . . . . . . . . . . . . 2

Instruction No. 3: Separate Consideration Of Multiple Counts . . . . . . . . . . 3

Instruction No. 4: Improper Entry By Alien (Count I) . . . . . . . . . . . . . . 4

Instruction No. 5: Subscribing False Statement
        Under Penalty Of Perjury (Count II) . . . . . . . . . . . . . . . . . . 6

Instruction No. 6: Subscribing False Statement
        Under Penalty Of Perjury (Count III) . . . . . . . . . . . . . . . . 8

Instruction No. 7: Knowingly—Defined . . . . . . . . . . . . . . . . . . . . . 10

Instruction No. 8: Credibility Of Witnesses . . . . . . . . . . . . . . . . . . . 11

Instruction No. 9: Jury To Be Guided By Official
        English Interpretation . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Instruction No. 10: Statements By Defendant . . . . . . . . . . . . . . . . . . 14

Instruction No. 11: Opinion Evidence, Expert Witness . . . . . . . . . . . . . 15

Instruction No. 12: Duty To Deliberate . . . . . . . . . . . . . . . . . . . . . 16

ii

# INSTRUCTION NO. 1

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

(Ninth Circuit Committee on Model Jury Instructions, _Manual of Model Criminal Jury Instructions for the Ninth Circuit_ Instruction 3.5 (current ed.).)

1

# INSTRUCTION NO. 2

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

(Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 3.11 (current ed.).)

2

# INSTRUCTION NO. 3

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

(Ninth Circuit Committee on Model Jury Instructions, _Manual of Model Criminal Jury Instructions for the Ninth Circuit_ Instruction 3.12 (current ed.).)

# INSTRUCTION NO. 4

## IMPROPER ENTRY BY ALIEN
### (COUNT I)

The defendant is charged in Count I of the indictment with improper entry by alien in violation of Section 1325(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly and voluntarily entered the United States at a time or place other than as designated by United States immigration officers, with all of you agreeing that the entry was at a *time* other than as designated by United States immigration officers or at a *place* other than as designated by United States immigration officers or at *both* a time *and* place as designated by United States immigration officers; and

Second, the defendant was an alien at the time of reentry.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

(8 U.S.C. § 1325(a); Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instructions 7.9 ("Specific Issue Unanimity"), 9.5 ("8 U.S.C. § 1326(a)"), 9.5A

4

("8 U.S.C. § 1326(a)"), 9.5B ("8 U.S.C. § 1326(a)") (current ed.); *id.* Instruction

9.5 comment ("'Section 1326 sets forth three separate offenses for a deported alien:

to "enter," to "attempt to enter," and to be "found in" the United States without

permission.' *United States v. Parga-Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001)

. . . ."); 1A Charles Alan Wright, *Federal Practice and Procedure* § 142, at 1-16

(3d ed. 1999)("[I]f the statute includes several different offenses, to charge them in

a single count would be duplicitous."); *id.* § 145, at 84 ("The proper remedy is to

require the government to elect upon which charge contained in the count it will

rely. . . .").)

5

# INSTRUCTION NO. 5

## SUBSCRIBING FALSE STATEMENT
## UNDER PENALTY OF PERJURY
## (COUNT II)

The defendant is charged in Count II of the indictment with subscribing a false statement under penalty of perjury in violation of Section 1546 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant subscribed as true under penalty of perjury a statement with respect to a fact, that is, that defendant had entered the United States on only two occasions, August 24, 2005, and February 2003, in an Application for Asylum and for Withholding of Removal (Form I-589) and Affidavit;

Second, the statement was false;

Third, the defendant acted knowingly, that is, with knowledge that the statement was false;

Fourth, the fact was material; and

Fifth, the Application for Asylum and for Withholding of Removal (Form I-589) and Affidavit was required by the immigration laws of the United

6

States or regulations prescribed thereunder.

A fact is material if it could have influenced the United States Citizenship and Immigration Service's decisions or activities.

(18 U.S.C. § 1546(a); Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 8.66 (current ed.).)

# INSTRUCTION NO. 6

## SUBSCRIBING FALSE STATEMENT
## UNDER PENALTY OF PERJURY
## (COUNT III)

The defendant is charged in Count III of the indictment with subscribing a false statement under penalty of perjury in violation of Section 1546 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant subscribed as true under penalty of perjury a statement with respect to a fact, that is, that defendant had been forced to undergo an abortion, in an Application for Asylum and for Withholding of Removal (Form I-589) and Affidavit;

Second, the statement was false;

Third, the defendant acted knowingly, that is, with knowledge that the statement was untrue;

Fourth, the fact was material; and

Fifth, the Application for Asylum and for Withholding of Removal (Form I-589) and Affidavit was required by the immigration laws of the United

8

States or regulations prescribed thereunder.

A fact is material if it could have influenced the United States Citizenship and Immigration Service's decisions or activities.

(18 U.S.C. § 1546(a); Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 8.66 (current ed.).)

9

## INSTRUCTION NO. 7

## KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 5.6 (current ed.).)

10

# INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

11

(Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 3.9 (current ed.).)

12

# INSTRUCTION NO. 9

## JURY TO BE GUIDED BY OFFICIAL ENGLISH INTERPRETATION

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

(Ninth Circuit Committee on Model Jury Instructions, Manual of Model Criminal Jury Instructions for the Ninth Circuit Instruction 3.20 (current ed.).)

13

# INSTRUCTION NO. 10

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

(Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 4.1 (current ed.).)

14

# INSTRUCTION NO. 11

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

(Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 4.17 (current ed.).)

## INSTRUCTION NO. 12

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

16

(Ninth Circuit Committee on Model Jury Instructions, <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> Instruction 7.1 (current ed.).)

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on August 3, 2007, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2007, at Hagåtña, Guam.

REINA Y. URBIEN