
```
LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334
```

FILED
DISTRICT COURT OF GUAM
AUG 1 6 2007
JEANNE G. QUINATA
Clerk of Court

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 05-00081 |
|---|---|
| Plaintiff, | ) |
| vs. | ) MEMORANDUM CONCERNING<br>) INSTRUCTION ON 1325 VIOLATION |
| HUI FANG LING, | ) |
| Defendant. | ) |

Defendant appears to contend that in charging Count I, the government should have used the word subsequent "conviction" for subsequent "offense." The government tracked the language of the statute, which is legally sufficient. United States v. Rodriguez-Gonzales, 348 F.3d 1156 (9th Cir. 2004) does hold otherwise. There, the government apparently pled two illegal entry counts, each with a separate date, but Count II did not reference or incorporate the first event: it simply pled another illegal entry at another date. From reading the opinion, it appears that Count II did not even contain the language "subsequent offense." Thus, the second Count did not charge a felony by incorporating the initial entry charged in Count I. The government should not have been surprised that the sentencing court treated both counts as misdemeanors: it is obvious that the fact of a subsequent conviction for illegal entry changes the nature of the offense from a misdemeanor to a felony, and thus must be pled in the charge. Here, the government pled that defendant had two subsequent offenses. It offered Exhibit 3, which is the judgment showing that she had been convicted in 2004 for illegal entry, which was itself a subsequent offense.

The courts treat "offense" as meaning "conviction," which necessarily they must: an illegal re-entry charge could not be elevated to a felony unless the defendant had been convicted of the prior illegal entry, not just accused of it. There is no authority for defendant's proposition that in charging this crime, the government should modify the words of the statute from those which Congress has already provided.

RESPECTFULLY SUBMITTED this ___16th___ day of August, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney