(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant



FILED
DISTRICT COURT OF GUAM
AUG 29 2007
JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No 05-00081 |
| | ) | |
| Plaintiff, | ( | DEFENDANT'S REPLY |
| | ) | TO UNITED STATES' |
| vs. | ( | RESPONSE TO DEFENDANT'S |
| | ) | MOTION FOR A JUDGMENT |
| HUI FANG LING, | ( | OF ACQUITTAL |
| | ) | |
| Defendant. | ( | |

The Government's position is not that the falsehood was that one of the occasions on which Ling had entered the United States was February 2003 ("02/2003") but that the falsehood was that Ling had entered the United States on only two occasions. (U.S. Resp. to Def.'s R. 29 Mot. (filed Aug. 28, 2007).)

The Government contends that Ling's "argument about a typographical error was premised on the assumption that defendant knew the legal distinction in

ORIGINAL

(DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 05-00081

U.S. immigration laws between 'attempted entry' and actually landing on U.S. soil." (U.S. Resp. to Def.'s R. 29 Mot. 2 (filed Aug. 28, 2007).) This, however, is wrong. Ling's argument was premised on the fact that she was asked, "Please list each *entry* to the U.S. beginning with your most recent *entry*." (Gov't Ex. 8, at 1 (emphasis added).) Her argument was premised on the fact that Immigration and Customs Enforcement Special Agent Michael Hernandez testified that it is *true* that Ling had entered the United States on only two occasions. Whether Ling "knew the legal distinction in the U.S. immigration laws between 'attempted entry' and actually landing on U.S. soil" is not at issue. Ling was not asked, "Please list each violation of 8 U.S.C. § 1325(a) beginning with your most recent violation of 8 U.S.C. § 1325(a)." She was asked, "Please list each *entry* to the U.S. beginning with your most recent *entry*." (Gov't Ex. 8, at 1 (emphasis added).) In other words, Ling was asked a common sense question, and she gave a common sense answer. She was not asked about an *attempted* entry. Ling's conviction for a subsequent violation of 8 U.S.C. § 1325(a) was for an *entry* following an *attempted* entry. No rational trier of fact could have found proof—beyond a reasonable doubt

2

(DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL)
Criminal Case No. 05-00081

or by a preponderance of the evidence or otherwise—that the number of times Ling entered the United States was in fact three.

The motion to enter a judgment of acquittal of the offense charged in Count II of the Third Superseding Indictment must be granted.

Dated, Hagåtña, Guam,

August 29, 2007.

Respectfully submitted,

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOCUMENTS/RplyRspnsMtnJgAcquit/HFLing)

3

# DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on August 29, 2007, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy thereof at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2007, at Hagåtña, Guam.

_____
REINA Y. URBIEN