DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUI FANG LING,<br><br>Defendant. | Criminal Case No. 05-00081<br><br>**ORDER RE MOTION FOR<br>JUDGMENT OF ACQUITTAL** |

This matter is before the court on the Defendant's Motion for Judgment of Acquittal of the offense of False Swearing in Immigration Matter charged in Count II of the Third Superseding Indictment ("Superseding Indictment."). The Defendant claims that the evidence is insufficient to sustain a conviction for False Swearing in Immigration Matter, of which the jury found the defendant guilty. For the reasons set forth below, the motion is **GRANTED**.

**BACKGROUND**

On or about August 24, 2005, in the District of Guam, Hui Fang Ling, the Defendant, an alien, entered Guam without proper authorization. On or about September 9, 2005, the Defendant filled out an Application for Asylum and for Withholding of Removal (Form I-589) and Affidavit. Thereafter, the Government charged Defendant with one count of Improper Entry by Alien and two counts of False Swearing in Immigration Matter. The case proceeded to trial and on August 17,

2007, a jury acquitted the Defendant of the second count of False Swearing in Immigration Matter but convicted her of Improper Entry by Alien and the first count of False Swearing in Immigration Matter.

## DISCUSSION

The Defendant now moves this court for judgment of acquittal as to the False Swearing in Immigration Matter count pursuant to Federal Rule of Criminal Procedure 29(c).[1] The Defendant claims that no jury could have found proof beyond a reasonable doubt that the Defendant acted knowingly, that is, with knowledge "that the statement, that she entered the United States on only two occasions, August 24, 2005 and February 2003" was false. One of the questions on the Form I-589 requested the Defendant to list each past entry to the United States. *See* Government Exhibit 8, question 18. The Defendant listed two occasions on which she had entered the United States. She listed August 24, 2005 and February "2003." However, in fact, the second time the Defendant entered the United States was February "2004" not "2003."

As to the count in question, the jury was instructed that in order to find the Defendant guilty, it had to find the following: 1) the Defendant subscribed as true under penalty of perjury a statement with respect to a fact, that is, that Defendant had entered the United States on only two occasions, August 24, 2005, and February 2003, in an Application for Asylum and for Withholding of Removal (Form I-589) and Affidavit; 2) the statement was false; 3) the Defendant acted knowingly, that is, with knowledge that the statement was false; 4) the fact was material and 5) the Application for Asylum and for Withholding of Removal (Form I-589) and Affidavit was required by the immigration laws of the United States or regulations prescribed thereunder. 18 U.S.C. § 1546(a). The jury was further instructed that a fact was material if it could have influenced the United States Citizenship and Immigration Service's decisions or activities and that the government need not prove the statement actually influenced the decision-making body.

The Government claims that the number of times and when the Defendant entered the

---

[1] **Rule 29 ( c) After Jury Verdict or Discharge.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.

United States is a material matter for which the Citizenship and Immigration Service would take into consideration. Asylum Officer Patrick Lujan testified that there were two important reasons for asking when/how often an alien had entered the United States. One is to establish that the application was being filed within one year of arrival. The second reason is to alert the officer that an investigation may be warranted: for example, why, if a person had entered on a prior occasion, she had not filed for asylum or established credible fear at that prior entry. The Government argues that this evidence addresses the Defendant's "knowing" subscription as true that she entered the United States in February 2003 instead of February 2004.

The jury was instructed that an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The Defendant claims that the use of the single digit, a "3" instead of "4" was a mistake. The Defendant did not type out the form, and the form was translated to her from English to Chinese. Additionally, there was another inaccuracy in the Form I-589, of the very same kind. The Defendant was asked to provide her employment history. The Defendant answered that she was unemployed from "07/05 to 02/97." *See* Government Exhibit 8, page 5). The "05" in "07/05" was an obvious mistake. The Defendant states that this mistake is no different from the mistake she made supporting the charge in question. The Defendant claims that the form also asked if she or any member of her family had ever committed any crime to and/or been arrested, charged, convicted and sentenced for any crimes against the United States?" The Defendant answered "yes." *Id.*

The Government argues that although the Defendant indicated "yes" for whether she or any member of her family had ever committed any crime to and/or been arrested, charged, convicted and sentenced for any crimes against the United States, she failed to explain why she had checked "yes" in her Affidavit, which she referenced in answering that question. For a further explanation to the question, she had stated "to see attachment of Affidavit of Ling, Hui Fang." The Affidavit, however, was completely silent as to her 2004 conviction. While it is true that the Affidavit did not contain any details of the conviction, there is no dispute that had the Government sought to investigate the nature of the conviction, it would have discovered that the Defendant had actually entered the United States in February 2004 instead of February 2003.

1  The Government argues that the jury could have inferred that the Defendant believed that her only hope of gaining asylum depended upon her claim of a forced abortion that she was alleging in her Form I-589 and Affidavit made in September 9, 2005. And, she could not have the immigration officer alerted to her entry in 2004 without causing further inquiry. Therefore, she listed the entry as 2003. However, the very fact that she admitted a prior conviction would have been enough to alert the immigration officer to her entry in 2004. It seems logical to assume that had she not wanted to alert the immigration officer to inquire further into her status, she would have omitted the fact that she or a family member had previously been convicted.

The Defendant also argues that the Superseding Indictment is ambiguous. For example, the Superseding Indictment charges the Defendant as having acted knowingly, that is, with knowledge "that the statement, that she entered the United States **on only two occasions**, August 24, 2005 and February 2003" was false. (Emphasis added). The Defendant claims that it is unclear as to whether the Government was arguing that the Defendant had entered on more than two occasions and that was what was false about her statement. Although at trial, Immigration and Customs Enforcement Agent Michael Hernandez testified that the Defendant in fact, had only entered the United States on two occasions and had attempted to enter the United States on one occasion in 2003.

However, upon review of the Superseding Indictment, it seems clear that the falsehood referred to by the Government was the year the Defendant claimed she had entered the United States. The Superseding Indictment reads as follows: "the defendant subscribed that she had entered the United States on only two occasions, August 24, 2005, and February 2003, which said statement the defendant then and there knew was false, in that she entered the United States at the Mangilao Golf Course, Guam, February 27, 2004, for which entry she was convicted . . . .". *See* Docket No. 31.

In viewing the evidence under a Rule 29 motion, the court must consider it in the light most favorable to the Government. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(holding that in considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government) *see also United States v. Bahena-Cardenas*, 70 F.3d 1071,

1072-73 (9th Cir. 1995)(whether "any" rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). The Supreme Court has also made it clear that where no rational trier of fact could find guilt beyond a reasonable doubt, the conviction must be reversed. *Jackson v. Virginia,* 443 U.S. 307, 317 (1979). Where reasonable jurors must necessarily have a reasonable doubt as to guilt, the judge must acquit, " 'because no other result is permissible within the fixed bounds of jury consideration.' " *Id.* at 318 n. 11.

Based on a careful review of the evidence that was presented at trial, the court finds there was clearly insufficient relevant evidence, even when viewed in a light most favorable to the government, for the jury to find beyond a reasonable doubt that the Defendant acted knowingly, that is, with knowledge that the statement, that she entered the United States on only two occasions, August 24, 2005 and February 2003 was false. The court does not find that a trier of fact could find beyond a reasonable doubt that the 2003 typed on Form I-589 was more knowingly and deliberate than a typographical error. The Defendant is a Chinese national, who does not speak English. She was filling out the form with the assistance of an interpreter and an attorney. There was no testimony suggesting that she directed how the form should be completed. Moreover, as noted the form was prepared by counsel. *See United States v. Hernandez-Herrera*, 273 F.3d 1213 (9th Cir. 2001) (A judgment of acquittal is appropriate only if after considering the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.). Accordingly, the court finds the granting of the motion for acquittal is warranted.

## CONCLUSION

The court finds that the Government failed to present evidence sufficient to support a jury's finding beyond a reasonable doubt of the Defendant's guilt on the charge of False Swearing in Immigration Matter. Accordingly, the Court **GRANTS** the Defendant's motion and hereby **SETS ASIDE THE VERDICT** and **ENTERS A JUDGMENT OF ACQUITTAL AS TO COUNT II.** In light of the court's ruling herein, the sentencing will be expedited and scheduled for November 20, 2007 at

///

///

1:30 p.m.  The draft PreSentence Report is due on November 13, 2007 and responses to the report are due by 3:00 p.m. on November 15, 2007.  The final Presentence Report is due to the court by 3:00 p.m. on November 16, 2007.

**IT IS SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: Nov 05, 2007**