FILED

JUN 25 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 07-10548 |
|---|---|
| Plaintiff - Appellant, | D.C. No. CR-05-00081-FMT |
| v. | |
| HUI FANG LING, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted June 19, 2008
Honolulu, Hawaii

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

The government appeals a post-verdict judgment of acquittal on one count charging Hui Fang Ling with making a false statement to immigration authorities. We reverse.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

As the government contends, the district court substituted its own judgment for that of the jury. In reviewing a verdict pursuant to Rule 29, the court is not to assess the weight of the evidence on its own but, instead, must assume the jury resolved any and all conflicts in the evidence in favor of the prosecution. *United States v. Bancalari*, 110 F.3d 1425, 1428 (9th Cir. 1997). The court's review of the jury's decision is "highly deferential" and the verdict will not be overturned if it was "not irrational." *United States v. Rubio-Villareal*, 967 F.2d 294, 296 (9th Cir. 1992) (en banc); *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992).

Although the jury could have accepted Ling's defense that the date of initial entry into the United States was a mistake, there was evidence, viewed in the light most favorable to the prosecution, from which a rational jury could find that Ling knowingly failed to report her 2004 illegal entry. That entry, together with her "credible fear" interview and subsequent conviction, were detrimental to her asylum application. Not only was the date she provided false, but Ling failed to mention the 2004 entry anywhere in her application. Her affidavit skips directly from her arrival in Saipan on February 18, 1997 to her arrival in Guam on August 24, 2005. Also, the evidence shows that, even though Ling admitted that she or a family member had a prior conviction in the United States, and though she was required to explain that conviction, she failed to provide any details that would

-2-

have disclosed the 2004 entry. A reasonable jury could find that while Ling may have figured the government could discover her 2004 conviction in the U.S. District Court for the Northern Mariana Islands, it would not learn of her 2004 credible fear interview because it occurred on Guam.

We therefore vacate the judgment of acquittal and remand for reinstatement of the jury verdict.

VACATED AND REMANDED.